**COPY**

*FILED*

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5

6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9

10  Attorneys for Plaintiff, Garrett Paul

11

12                    UNITED STATES DISTRICT COURT
13                    CENTRAL DISTRICT OF CALIFORNIA
14                          EASTERN DIVISION
15                    CV 11 - 08739 RGK
16                                                        (OPx)
17  Garrett Paul,                    Case No.:

18              Plaintiff,           **COMPLAINT FOR DAMAGES**
                                     **1. VIOLATION OF FAIR DEBT**
19                                   **COLLECTION PRACTICES ACT,**
       vs.                           **15 U.S.C. § 1692 ET. SEQ;**
20
                                     **2. VIOLATION OF FAIR DEBT**
21  Mandarich Law Group, LLP; and DOES   **COLLECTION PRATICES ACT,**
    1-10, inclusive,                 **CAL.CIV.CODE § 1788 ET. SEQ.**
22
                                     **JURY TRIAL DEMANDED**
23              Defendants.
24                                                   **BY FAX**
25

26

27

28
                                        COMPLAINT FOR DAMAGES

2011 OCT 21  PM 12: 20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

For this Complaint, the Plaintiff, Garrett Paul, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Garrett Paul (hereafter "Plaintiff"), is an adult individual residing at 3468 Laura Lane, Riverside, California 92506, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Mandarich Law Group, LLP ("Mandarich"), is a California business entity with an address of 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Mandarich and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Mandarich at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $2,681.21 (the "Debt") to GE Money Bank (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Mandarich for collection, or Mandarich was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Mandarich Engages in Harassment and Abusive Tactics**

12.     Within the last year, the Mandarich contacted the Plaintiff in an attempt to collect the Debt.

13.     Mandarich caused Plaintiff's phone to ring at an excessive rate, placing up to three calls to Plaintiff on a daily basis.

14.     Mandarich failed to notify Plaintiff that the communication was an attempt to collect the Debt and all information obtained would be used for that purpose.

15.     Mandarich threatened to immediately garnish twenty-five percent of Plaintiff's pay check if the Debt was not paid within several days.

16.     Mandarich used rude and aggressive language with Plaintiff in an effort to intimidate Plaintiff into making an immediate payment. Mandarich said, "We are going to make your life very hard," causing Plaintiff to be fearful over what might happen should he not make immediate payment on the Debt. Mandarich often times used a loud yelling tone with Plaintiff in a further effort to intimidate Plaintiff.

17.     Mandarich often times told Plaintiff that it was collecting on behalf of the original creditor, GE Moneybank, when in fact it was collecting on behalf of a third party debt buyer, CACH LLC, causing a great deal of confusion to Plaintiff. After Plaintiff repeatedly inquired as to the identity of the actual creditor, Mandarich finally

admitted that it had been lying to Plaintiff and that the actual creditor was CACH LLC.

18.     Each time Plaintiff spoke to Mandarich, the amount of the Debt increased. Mandarich threatened that the Debt would increase constantly unless Plaintiff immediately paid it. Mandarich had no legal or contractual basis upon which to increase the amount of the Debt on a daily basis.

19.     In the letter sent to Plaintiff, following initial contact, Mandarich failed to notify Plaintiff of his rights under state and federal law, including the right to dispute the Debt.

## C.     Plaintiff Suffered Actual Damages

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25.     The Defendants used abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

26.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

28.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

29.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

30.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

COMPLAINT FOR DAMAGES

31.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

32.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

33.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

34.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

35.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

COMPLAINT FOR DAMAGES

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

40.     Mandarich Law Group, LLP, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

41.     The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

42.     The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

43.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

44.     The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

45.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

46.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

47.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 20, 2011          TAMMY HUSSIN

By:___*/s/  Tammy Hussin*_____
Tammy Hussin
Lemberg & Associates
Attorney for Plaintiff, Garrett Paul